**Ping LIN a/k/a Ping Liu, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**Docket No. 03–40895.**

United States Court of Appeals, Second Circuit.

July 21, 2005.

Gary J. Yerman, New York, NY, for Petitioner.

Kathleen Moro Nesi, Assistant United States Attorney, for Craig S. Morford, U.S. Attorney for the Eastern District of Michigan, Detroit, MI, for Respondent.

Present: Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges, and Hon. DAVID G. TRAGER,[1] District Judge.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the *petition for review* is **DENIED**.

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. After reviewing factual conclusions for substantial evidence and legal conclusions *de novo*, we now deny the petition.

Petitioner is a native of China who asserts a fear of persecution upon his return to China as a function of his alleged Catholicism. While the parties argue over a number of issues, the Immigration Judge's (IJ's) credibility determination renders most of those issues irrelevant to the disposition of this appeal.

The Government argues that, in his appeal to the BIA, petitioner failed to challenge the IJ's adverse credibility determination, and thus has waived his right to do so now. While it is something of a close issue, we find that petitioner did not waive this argument because his appeal to the BIA included statements clearly implying this argument. Indeed, petitioner's asser-

tion in his brief to the BIA that petitioner's "religious convictions and practices constitute an unmistakably solid and sound objective basis for his fear of future persecution," can only be read to implicitly argue that petitioner's testimony as to those "convictions and practices" should have been deemed credible.

Petitioner argues that the IJ's adverse credibility determination is legal, not factual, error, because that determination was premised on the IJ's conclusion that petitioner failed to present sufficient evidence to establish eligibility for asylum, and thus was not credible. Petitioner argues that because, as a matter of law, he did present sufficient evidence in that regard, he must also be deemed credible. However, such a conclusion is by no means compelled by the evidence here, where the IJ made a number of observations adverse to petitioner that can only be described as factual. *See Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

The IJ found petitioner's testimony noncredible and insufficient. This finding was premised on other findings, such as a finding of inconsistencies between petitioner's testimony and submitted documents. While the IJ must give the petitioner a chance to explain perceived inconsistencies, the burden is on petitioner to make out a valid claim for asylum and withholding of removal. Where the IJ concludes that petitioner's testimony was at times "incoherent," "hesitant," and "inconsistent," we would need a sound basis indeed for overriding those observations and conclusions. This case does not present such a sound basis, and we must therefore defer to the IJ's adverse credibility determination.

1. The Honorable David G. Trager, Judge of the United States District Court for the East-ern District of New York, sitting by designation.

Given that we cannot override the IJ's adverse credibility determination, we do not reach petitioner's sufficiency argument, which could only proceed premised on the existence of credible evidence.

Accordingly, for the reasons set forth above, the petition is denied.